**JIN KAI CHEN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, et al., Respondents.**

No. 07–5242–ag.

United States Court of Appeals, Second Circuit.

Oct. 31, 2008.

Jason A. Nielson, Law Offices of Joe Zhenghong Zhou, Flushing, NY, for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General, Civil Division, Aviva Poczter, Senior Litigation Counsel, Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Wash., D.C. for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Jin Kai Chen, a native and citizen of the People's Republic of China, seeks review of an October 30, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Jin Kai Chen,* No. A77 958 076 (B.I.A. Oct. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

We conclude that the BIA did not abuse its discretion in denying Chen's motion to reopen. Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen his case, but must generally do so within 90 days of the entry of the final decision in the underlying proceeding. However, this filing deadline may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS,* 452 F.3d 154, 159–60 (2d Cir.2006). An individual seeking to reopen proceedings on that basis is required to show, *inter alia,* that he exercised "due diligence in pursuing the case during the period [he] seeks to toll." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006); *Iavorski v. U.S. I.N.S.,* 232 F.3d 124, 134–35 (2d Cir.2000). Here, there is no dispute that Chen's March 2007 motion was untimely where the BIA issued its decision dismissing his appeal in January 2004. In his motion to reopen, Chen argued that his former attorneys' ineffective assistance warranted the reopening of his case.

In denying Chen's motion, the BIA found that he failed to demonstrate that he exercised due diligence in pursuing his claim between the dismissal of his appeal in 2004 and the time he filed his motion to reopen in 2007. Chen argues that the BIA erred in calculating "the date of commencement of the period of time during which [he] was supposed to have exercised his due diligence from 2004," where this Court dismissed his petition for review in October 2005, after prior counsel failed to file a brief. He further asserts that he exercised due diligence as soon as he became aware of that failure.

Even assuming, *arguendo,* that Chen is correct in asserting that he was required to demonstrate due diligence only from October 2005, his argument still fails, as he has not demonstrated that he acted with due diligence even from October 2005

to March 2007. *See Ali,* 448 F.3d at 517. Nothing in Chen's motion, or in the documents that he submitted, specified when he learned of counsel's ineffective assistance, what steps he took to pursue his case, or any other facts to support his claim that he acted with due diligence between October 2005 and March 2007. *See Rashid v. Mukasey,* 533 F.3d 127, 131–3 (2d Cir.2008) (holding that an individual seeking equitable tolling of the filing deadline for motions to reopen based on ineffective assistance of counsel must demonstrate that he exercised due diligence during the entire period he seeks to toll); *Cekic v. I.N.S.,* 435 F.3d 167, 171–72 (2d Cir.2006) (denying a petition for review of the BIA's denial of a motion to reopen based on ineffective assistance of counsel because movants' submissions to the BIA failed to indicate how they protected themselves after learning of former counsel's ineffective assistance). Because Chen failed to demonstrate that he exercised reasonable due diligence in pursuing his case, we cannot conclude that the BIA abused its discretion in denying his motion to reopen. *See Cekic,* 435 F.3d at 170 (noting that "no matter how egregious[ ] ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled"); *see also Ali,* 448 F.3d at 517 (same). Accordingly, we find it unnecessary to consider Chen's other arguments.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).